IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

PHILIPPE G. PIACENTINI AND
SUZAN F. PIACENTINI,

    Plaintiff(s),

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. :
JURY TRIAL DEMANDED

**VERIFIED COMPLAINT FOR TAX REFUND, ABATEMENT, AND LIEN RELEASE**

Come now the Plaintiffs, Philippe G. Piacentini and Suzan F. Piacentini (the "Plaintiffs"), by and through their attorney, Jeffrey L. Williamson, Esq., and file this complaint against the United States of America, Department of Treasury, Internal Revenue Service (the "Defendant") respectfully alleging the following.

**I. PARTIES, JURISDICTION, & VENUE**

1.

This is an action to quiet title to certain personal property on which defendant United States claimed a lien (the "Lien").

2.

Plaintiffs currently reside in Chatham County, Georgia.

3.

Defendant is the United States of America, Department of Treasury, Internal Revenue Service (the "IRS").

4.

The action arises under 28 U.S.C. § 1346(a)(1) and 28 U.S.C. § 1340 because it involves a procedurally improper lien filed by the United States as well as violations of the Constitution of the United States.

5.

The United States has consented to be sued in this action by virtue of 28 USC § 2410(a).

6.

Venue is proper pursuant to 28 U.S.C. § 1391(b).

**II. FACTUAL ALLEGATIONS**

7.

Plaintiffs incorporate by reference paragraphs 1 through 6 of this Complaint as though the same were set forth fully herein.

8.

On October 12, 2016, Defendant filed a notice of failure to file Form 5471 against Plaintiffs, but Plaintiffs had no ownership

in the relevant entities and did not reside in the United States during the years in question.

9.

On June 8, 2017, Plaintiffs, through their attorney, sent a facsimile confirming that they did not need to file Form 5471 because they had no ownership interest in the relevant entities being reviewed during the IRS audit. A true and correct copy of this facsimile is attached hereto as "Exhibit A."

10.

Plaintiffs received no response from the IRS and presumed the issue was resolved until receiving notice from IRS Agent Huh, sent December 16, 2019, assessing penalties for failure to file Forms 5471 and continuation penalties for failure to file Forms 5471 after receiving notice of a requirement to file. A true and correct copy of this notice, with appropriate redactions, is attached hereto as "Exhibit B."

11.

On January 13, 2020, Plaintiffs, through their attorney, properly filed an appeal of penalties assessed for failure to file Forms 5471, and Plaintiffs have confirmation of delivery of that appeal. A true and correct copy of this letter with redacted enclosures and confirmation of delivery are attached as "Exhibit

C" and "Exhibit D," respectively.

12.

On February 18, 2020, Plaintiffs' attorney filed a substantially similar appeal. A true and correct copy of this cover letter for that appeal is attached, without enclosures, as "Exhibit E."

13.

As of this date, the IRS has not responded to any of the aforementioned appeal requests.

14.

On July 19, 2023, the IRS filed a Form 668(Y) Notice of Federal Tax Lien (the "Lien") against the Plaintiffs based on penalties assessed under 26 U.S.C. § 6038. A true and correct copy of this Lien is attached as "Exhibit F."

15.

Upon the filing of this Lien, all property owned by the Plaintiffs in fee simple were unjustly encumbered. Among those properties whose title may be clouded are real estate located at 52 Mulberry Bluff Drive, Savannah, Georgia 31406; 47 Richmond Drive, Savannah, Georgia 31406; and 15 E. Jones Street, Number 1B, Savannah, Georgia 31406 (collectively, the "Property").

16.

Prior to the filing of this Lien, Plaintiffs owned the Property in fee simple, free of any other encumbrances, and although Plaintiffs did not own the Property at the time this Lien was filed, the Lien has potentially clouded Plaintiffs' fee simple title to this Property.

17.

On June 24, 2024, Plaintiffs' attorney filed a Form 9423 Collection Appeal Request. A true and correct copy of this Collection Appeal Request is attached, with redacted enclosures, as "Exhibit G."

18.

As of this date, the IRS has not responded to this Collection Appeal Request.

19.

Despite following correct appeal procedures, Plaintiffs were not afforded any hearing to contest the Lien, nor the underlying penalties, and their concerns have not been heard by any IRS representative.

20.

Furthermore, Defendant failed to follow procedures in making

deficiency assessments, based on these penalties, against Plaintiffs.

### III. CLAIMS

21.

Plaintiffs incorporate by reference paragraphs 1 through 20 of this Complaint as though the same were set forth fully herein.

**Claim 1. Lack Of Assessment Authority**

22.

A valid assessment of a tax deficiency by the IRS is a prerequisite to the filing of a tax lien by The United States.

23.

The United States Tax Court has held time and time again that the IRS does not have the statutory authority to assess penalties under 26 U.S.C. § 6038, most recently in <u>Mukhi v. Commissioner of Internal Revenue</u>, 163 T.C. No. 8 (November 18, 2024).

24.

As the Tax Court held in <u>Mukhi</u>, section 26 U.S.C. § 6201(a) does not authorize the IRS to assess all exactions found in the Code, and the IRS is not authorized to assess penalties pursuant to 26 U.S.C. § 6038.

25.

The question of whether the IRS has the authority to assess penalties under 26 U.S.C. § 6038 has yet to be reviewed in the Eleventh Circuit. Plaintiffs believe, however, that the relevant caselaw from the Tax Court has sound reasoning and would be upheld in the Eleventh Circuit.

26.

Therefore, because the IRS does not have the requisite to authority to assess the penalties against Plaintiffs, the Lien, upon these penalties are based, should be removed instanter.

### Claim 2: No 5th Amendment Procedural Due Process

27.

The Fifth Amendment of the United States constitution provides citizens and residents of the United States a right to procedural due process.

28.

The United States provided no hearing and no accessible appeal process before filing the Lien.

29.

Therefore, the United States has violated the Plaintiffs' Fifth Amendment Procedural Due Process rights.

### Claim 3: Quiet Title

30.

28 U.S.C. § 2410(a)(1) allows taxpayers to bring quiet title actions to challenge procedures used by the United States to enforce a tax lien.

31.

Per 26 U.S.C. § 6326, On July 19, 2023, the Defendant erroneously and illegally placed the Lien against Plaintiffs because Defendant failed to give Plaintiffs access to the requisite administrative appeal process. In fact, Plaintiffs have yet to have any appeal process, whatsoever.

32.

Because no procedure was followed correctly, Plaintiffs are entitled to quiet title for the Property liened by Defendant.

### Claim 4: Excess Fines Violating 8th Amendment

33.

The Eighth Amendment of the United States Constitution provides citizens and residents of the United States a right against "excessive bail . . . excessive fines . . . [and] cruel and unusual punishments."

34.

The penalty assessed against Plaintiffs in this matter is not

a measured response.

35.

Plaintiffs were under no obligation to file Form 5471.

36.

Plaintiffs were given assurances by the IRS that they would not need to file any such forms and acted on those assurances in good faith.

37.

Therefore, these penalties violate the Eight Amendment's prohibition of excessive fines and cruel and unusual punishment.

### Claim 5: Attorney Fees

38.

Plaintiffs are entitled to attorney fees and court costs in this litigation subject to 26 U.S.C. § 7430.

### IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following:

1. immediate abatement of all uncollected assessments of the penalties at issue;
2. full refund of all monies collected by the IRS as payment for all improperly assessed penalties at issue;
3. removal of all Federal Tax Liens filed against

Plaintiffs;

4. declaration that any potential claims of the United States to the Property described above are of no validity;

5. declaration that any seizure and subsequent sale of the Property are null and void;

6. declaration that Defendant has no right, title, or interest in the Property;

7. award of attorney's fees pursuant to I.R.C. § 7430; and

8. such further relief as the Court deems just and proper.

Respectfully submitted this April 18, 2025.

/s/Jeffrey L. Williamson
Jeffrey L. Williamson, Esq.
Bar Number: 255935
Attorney for Plaintiffs

J.L. Williamson Law Group, LLC
P.O. Box 60549
Savannah, Georgia 31420
Telephone: (912) 489-5573
Facsimile: (888) 389-9067
Email: jlw@jlwlawgroup.com

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

PHILLIPE G. PIACENTINI AND )
SUZAN F. PIACENTINI, )
)
   Plaintiff(s), )
) Case No. :
v. ) JURY TRIAL DEMANDED
)
UNITED STATES OF AMERICA, )
)
   Defendant. )
)

## VERIFICATION

Personally appeared before the undersigned officer, duly authorized by law to administer oaths, **Philippe G. Piacentini**, who, being first duly sworn, deposes and says that he has reviewed the complaint and that the facts contained in the foregoing **Verified Complaint for Tax Refund, Abatement, and Lien Release** are true and correct to the best of his knowledge and belief.

_____
Philippe G. Piacentini

Sworn to and subscribed before me this April 18, 2025.

_____
Eli Klenberg, Notary Public
My commission expires October 3, 2028.